## HENRY B. BANCROFT *vs.* BOSTON AND WORCESTER RAILROAD CORPORATION.

An action at law to recover damages for an injury which causes immediate insensibility, and death in fifteen minutes, survives to the administrator of the estate of the deceased.

TORT to recover damages for a personal injury received by the plaintiff's intestate, Francis H. Holman, by being run over by the defendants' locomotive engine.

At the trial in the superior court, before *Wilkinson*, J., the plaintiff offered evidence that his intestate, being a passenger on the defendants' railroad, while necessarily passing from the cars across the track to the depot, and thence to the highway, and using due care, was struck by the defendants' engine, through their fault; that he survived the blow for fifteen minutes in what is commonly called a state of insensibility and then died, manifesting during the interval no signs of intelligence.

Upon this evidence the judge directed a verdict for the defendants, which was rendered accordingly; and the plaintiff alleged exceptions.

*G. F. Hoar*, for the plaintiff.

*F. H. Dewey & G. S. Hale*, for the defendants. In this case the death must be considered as instantaneous, and there was no legal or physical possibility of the deceased person's bringing

an action after the injury. *Kearney* v. *Boston & Worcester Railroad,* 9 Cush. 108. " Instantly " and " immediately " do not necessarily mean without any intervention of time. *The Queen* v. *Brownlow,* 11 Ad. & El. 119; *S. C.* 8 Dowl. Pract. Cas. 157. *The King* v. *Francis,* Cas. temp. Hardw. 105. Even if there was an appreciable space of time between the injury and the death, there was in this case no legal element of damages to be considered by the jury. Death furnishes no ground of action. There was no pain, loss of time, expense or interruption of labor; in short, no element of legal damage, separable from the death itself. Sedgw. on Dam. (3d ed.) 453–455, 554. *Pack* v. *Mayor, &c. of New York,* 3 Comst. 489, 493. *Boulter* v. *Webster,* 11 Law Times, (N. S.) 598.

BIGELOW, C. J. We are unable to distinguish this case in principle from *Hollenbeck* v. *Berkshire Railroad,* 9 Cush. 478. The continuance of life after the accident, and not insensibility or want of consciousness, is the test by which to determine whether a cause of action survives. It is so distinctly put in the case cited, and we see no ground for doubting the soundness of the rule as there laid down. In the case at bar it is expressly found that the plaintiff's intestate survived the accident for fifteen minutes. The length of time during which life remains is not material in determining whether the cause of action survives. Suppose a person should have received an injury by which one of the main arteries was severed, and life thereby extinguished in five minutes. If he was a soldier or sailor, and received such injury in actual service, there can be no doubt that a nuncupative will made by him would be valid. The time, though brief, would be sufficient to enable the person so injured to do a valid legal act. Can there be any doubt that, under the same circumstances, a cause of action would accrue to him against a party who negligently caused the injury, which would survive to his administrator? Time, then, cannot be the test by which the right of the personal representative to sue can be tried; nor can the absence or presence of consciousness or sensibility be the standard. It was so held in *Hollenbeck* v. *Berkshire Railroad, ubi supra.* We are brought back, therefore, to the

only rule which can be practically applied, and that is, if the party injured lives after an accident the right to sue accrues and survives.

In *Kearney* v. *Boston & Worcester Railroad,* 9 Cush. 108, it appeared that the plaintiff's intestate was instantaneously killed. The motion of the body after the injury, as there shown, did not indicate life, but only the spasmodic muscular contraction which is often the concomitant of a violent death.

Upon the facts stated in the exceptions, we are of opinion that this action may be maintained to recover such damages as the plaintiff can show were sustained by his intestate during the time that he survived. Of course nothing can be recovered by reason of his death which ensued. *Exceptions sustained.*